IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAREES LOFTIN,<br><br>Defendant. | 8:23CR17<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Defendant's Motion to Dismiss Indictment. (Filing No. 28.) On July 18, 2023, the undersigned ordered the government to file its evidence pertaining to the motion by August 4, 2023, and for Defendant to file his evidence by October 4, 2023. (Filing No. 51.) The undersigned ordered that the matter would be deemed submitted upon the receipt of Defendant's evidence. (Filing No. 51.) Defendant's deadline to submit evidence was subsequently extended to October 18, 2023. (Filing No. 57.) Defendant submitted his evidence on October 18, 2023, and this matter is now ripe for disposition.

For the reasons explained below, the undersigned will recommend that Defendant's Motion to Dismiss be denied.

**FACTUAL BACKGROUND**

On January 19, 2023, Defendant was charged with being an unlaw user of, or addicted to a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). (Filing No. 1.) The Complaint alleged that Defendant possessed a firearm on January 5, 2023, and was an unlawful user of, or addicted to marijuana. (Filing No. 1.) On February 21, 2023, Defendant was charged in a one-count indictment with being an unlawful user of, or addicted to a controlled

substance in possession of a firearm. (Filing No. 18.) The Indictment stemmed from the January 5, 2023 incident referenced in the Complaint, and alleged Defendant was an unlawful user of and addicted to one or more of the following controlled substances, to wit: marijuana, oxycodone, and cocaine, in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(8). (Filing No. 18.)

## DISCUSSION

Defendant argues this case must be dismissed pursuant to Federal Rule of Criminal Procedure 12(b) because 18 U.S.C. § 922(g)(3) is unconstitutional under the Second Amendment.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, the United States Supreme Court has never stated that Second Amendment rights are unlimited. *See United States v. Walker*, No. 8:22-CR-291, 2023 WL 3932224 (D. Neb. June 9, 2023) (citation omitted). In *D.C. v. Heller*, 554 U.S. 570, 626-27 (2008), the Supreme Court recognized that the Second Amendment protects the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense. However, the Supreme Court emphasized that "'nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.'" *Heller*, 554 U.S. at 626-27.

Post-*Heller*, the Eighth Circuit considered a facial challenge to § 922(g)(3) in *United States v. Seay*, 620 F.3d 919 (2010). In *Seay*, the Eighth Circuit found no facial violation of the Second Amendment. The Eighth Circuit stated that "922(g)(3) is the type of longstanding prohibition on the possession of firearms that *Heller* declared presumptively lawful." *Id*. (quotation omitted). The Eighth Circuit stated that "§ 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*." *Seay*, 620 F.3d at 925.

Defendant argues the Supreme Court's ruling in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) abrogated *Seay*, thereby allowing this Court to reach a contrary conclusion as to the constitutionality of § 922(g)(3). In *Bruen*, the Supreme Court determined: "[w]hen the Second Amendment's plain text covers an individual's conduct, the

Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2129-30. The *Bruen* court found that "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id*. at 2111. Defendant argues the Eighth Circuit's analysis in *Seay* does not pass muster under *Bruen* because the Eighth Circuit in *Seay* did not engage in the historical analysis that *Bruen* requires. Defendant contends the Eighth Circuit's reference to a "historical pedigree" in *Seay* is insufficient to accomplish what the Supreme Court demands in *Bruen*.

United States District Court Judge Brian Buescher from the District of Nebraska has previously addressed this issue, concluding that *Seay* remains controlling authority. *See Walker*, 2023 WL 3932224, at *4. In *Walker*, the defendant was charged with being an unlawful user of a controlled substance in possession of a firearm under § 922(g)(3). Judge Buescher rejected the defendant's facial challenge to § 922(g)(3), finding that "*Bruen* does not directly repudiate, nor is it inconsistent with, the Eighth Circuit's holding in *Seay*." *Id*. at *4. Judge Buescher determined that the Eighth Circuit in *Seay* properly applied the test that the Supreme Court set out in *Heller* and that "[n]othing in *Seay* shows that the Eighth Circuit was applying the two-step means-end test that *Bruen* expressly rejected." *Id*. *See also Gilpin v. United States*, No. 22-04158-CV-C-RK-P, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (rejecting a post-*Bruen* challenge to § 922(g)(3) finding that *Bruen* did not invalidate *Seay*).

The Eighth Circuit has not ruled that *Bruen* overturned its holding in *Seay*, and the undersigned has no reason to conclude that *Seay* is no longer binding precedent. *See United States v. Le*, No. 423CR00014SHLHCA, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) (concluding that the "proper course is to treat *Seay* as binding and leave to the Eighth Circuit the prerogative of overruling its own decisions"); *United States v. Thibodeaux*, No. 1:22 CR 32 SNLJ (ACL), 2023 WL 5917711, at *4 (E.D. Mo. Aug. 25, 2023) (denying the defendant's facial challenge to the constitutionality of § 922(g)(3), stating that "[a]bsent the Eighth Circuit itself finding that *Bruen* overturned its holding in *Seay*, this Court must treat *Seay* as binding precedent"). Therefore, the undersigned will recommend that Defendant's Motion to Dismiss be denied.

Accordingly,

3

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian Buescher that Defendant's Motion to Dismiss Indictment (Filing No. 28) be denied.

Dated this 13th day of November, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.