IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CHAREES LOFTIN,<br><br>  Defendant. | 8:23–CR–17<br><br>MEMORANDUM AND ORDER ON OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO DISMISS |

This matter is before the Court on Defendant Charees Loftin's Objections to United States Magistrate Judge Susan M. Bazis's Findings and Recommendation. Filing 61. After considering the matter *de novo*, the Court overrules Loftin's objections because it agrees with Judge Bazis's conclusion that Loftin's facial attack on the constitutionality of 18 U.S.C. § 922(g)(3) is foreclosed by the Eighth Circuit's decision in *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010). *See* Filing 60 at 3. Judge Bazis's Findings and Recommendation is therefore adopted.[1]

---

[1] In the Supplemental Brief he filed, Loftin suggests that he intends to raise an "as-applied" challenge as well. *See* Filing 59 at 1 (Loftin arguing that like the defendant in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), he contends "that § 922(g)(3) [is] unconstitutional as applied under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)"). "An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court." *Minnesota Majority v. Mansky*, 708 F.3d 1051, 1059 (8th Cir. 2013). Such a challenge would be premature at this point and incapable of resolution without a trial on the merits. *See* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."). The Eighth Circuit has said that "[a] motion is capable of pretrial determination, 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). To properly assess an as-applied challenge to § 922(g)(3) in this case, the Court concludes that a trial on the merits would be of assistance because it would probe the scope of Loftin's drug use and the extent of his possession of the firearm. These factual determinations are not only relevant to an as-applied challenge, but also bear directly on his guilt or innocence of the charge alleged in the Indictment. *See Turner*, 842 F.3d at 605 (noting that the "Court may not . . . make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'"); *cf. United States v. Robinson*, No. 4:22-CR-165 RLW, 2023 WL 3167861, at *7 (E.D. Mo. May 1, 2023) (concluding that the defendant's as-applied challenge to 18 U.S.C. § 922(g)(8) on Second Amendment grounds was premature because it raised fact issues that were inappropriate for pretrial resolution). The Court will defer ruling on any as-applied challenge pending trial consistent with Federal Rule of Criminal 12(b)(1) and how this Court has handled similar as-applied challenges to § 922(g)(3) in past cases. *See e.g.*, *United States v. Walker*, No. 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023).

I. **BACKGROUND**

The Government has charged the Defendant, Charees Loftin, with one count of being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). Filing 1 at 1. The sole count of the Indictment alleges the following:

> On or about January 5, 2023, in the District of Nebraska and elsewhere, defendant CHAREES LOFTIN, knowing that he was an unlawful user of and addicted to one or more controlled substances, as defined by Title 21 United States Code, Section 802, to wit: marijuana, oxycodone, and cocaine, did knowingly possess in and affecting interstate and foreign commerce, a firearm, to wit: a Glock, Gen 4, model 29, 10 mm, bearing serial number BMTS831, said firearm having been shipped and transported in interstate and foreign commerce.

Filing 1 at 1.

Loftin filed a Motion to Dismiss the Indictment, arguing that in light of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), 18 U.S.C. § 922(g)(3) "prohibits conduct that is protected by the Second Amendment" and "the Government cannot demonstrate that prohibiting such conduct is consistent with the Nation's historical tradition of firearm regulation[.]" Filing 28 at 1. The Government filed a response opposing Loftin's Motion and submitted evidence in support of its position. Filing 38; Filing 39. Loftin requested an evidentiary hearing, Filing 46 at 1, and Judge Bazis ordered the parties to file their evidence by certain deadlines and that the matter would be deemed submitted upon receipt of Loftin's evidence. Filing 51 (Text Minute Entry); Filing 60 at 1. The Government filed its evidence on August 3, 2023. Filing 53. Loftin filed his evidence on October 18, 2023. Filing 58. Loftin also filed a Supplemental Brief on October 18, 2023, addressing a recent decision of the United States Court of Appeals for the Fifth Circuit. Filing 59 (citing *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023)).

Once the matter was fully submitted for her consideration, Judge Bazis completed her Findings and Recommendation on November 13, 2023. Filing 60. Judge Bazis recommends that Loftin's Motion to Dismiss be denied. Filing 60 at 3. Loftin filed his objections to Judge Bazis's Findings and Recommendation on November 27, 2023, Filing 61, and the Government submitted its response to his objections that same day. Filing 62.

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), different standards of review apply when a party objects to a pretrial decision or a proposed findings of fact and recommendations by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin

3

term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law. . . ."). No hearing was held in this case, but Judge Bazis received exhibits from both parties. *See* Filing 39; Filing 53; Filing 58. The Court has reviewed these exhibits along with all other pertinent portions of the record bearing on this matter.

### B.  Loftin's Facial Attack on 18 U.S.C. § 922(g)(3) is Foreclosed by Binding Precedent

Loftin's Motion to Dismiss attacks the constitutionality of 18 U.S.C. § 922(g)(3) on its face. *See e.g.*, Filing 28 at 15 (Loftin arguing, "In summary, the government cannot establish that § 922(g)(3) is consistent with the Nation's historical tradition of firearm regulation. It is unconstitutional under the Second Amendment") (emphasis added).[2] "The Supreme Court takes a dim view of facial challenges to Congressional enactments." *United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010). To prevail on this Motion, Loftin would need to "establish that no set of circumstances exists under which [this statute] would be valid." *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

Loftin divides his objections to the Findings and Recommendation into two arguments. *See* Filing 61 at 3, 6. He first contends that Judge Bazis "wrongly decided that *United States v. Seay* remains binding precedent in the Eighth Circuit." Filing 61 at 3. Loftin then posits that "[t]he firearm prohibition in 18 U.S.C. § 922(g)(3) is unconstitutional under the Second Amendment to the United States Constitution." Filing 61 at 6. Because the Court agrees with Judge Bazis's conclusion that *Seay* remains binding precedent, *see* Filing 60 at 3, there is no cause at this point

---

[2] In this sense, Loftin's argument tracks with what the defendant in *Seay* argued when he posited that "the prohibition on firearm possession in § 922(g)(3) violates his individual right to keep and bear arms enshrined in the Second Amendment." 620 F.3d at 922. In that case, the Eighth Circuit expressly noted that this argument was "not an as-applied challenge; rather, Seay argues that § 922(g)(3) is unconstitutional in all instances." *Id.*

for the Court to reconsider a question that has been resolved by the Eighth Circuit and remains in effect. The Court therefore overrules Loftin's objections and denies his Motion to Dismiss to the extent he challenges the constitutionality of § 922(g)(3) on its face.

Judge Bazis noted in her Findings and Recommendation that "[t]he Eighth Circuit has not ruled that [the Supreme Court's decision in] *Bruen* overturned [the Eighth Circuit's] holding in *Seay*[.]" Filing 60 at 3. In *Seay*, the Eighth Circuit considered whether "§ 922(g)(3)'s ban on firearm possession is facially unconstitutional following the Supreme Court's" decision in *D.C. v. Heller*, 554 U.S. 570 (2008). *Seay*, 620 F.3d at 923. The Eighth Circuit expressly rejected the facial challenge, reasoning that "§ 922(g)(3) is the type of 'longstanding prohibition[ ] on the possession of firearms' that *Heller* declared presumptively lawful." *Id.* at 925. After determining she had "no reason to conclude that *Seay* is no longer binding precedent[,]" Judge Bazis recommended that Loftin's Motion to Dismiss be denied. Filing 60 at 3.

Judge Bazis supported her reasoning in part by citing to a written Order the undersigned issued this past June in the case of *United States v. Walker*. Filing 60 at 2 (citing *United States v. Walker*, No. 8:22-CR-291, 2023 WL 3932224 (D. Neb. June 9, 2023)). Just as in Loftin's case, the Government also charged the defendant in *Walker* with being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3), and the defendant argued that this statute violates the Second Amendment. *Walker*, 2023 WL 3932224, at *1. After considering the defendant's arguments in *Walker*, the undersigned ultimately reasoned that "[u]ntil the Supreme Court overturns *Seay*'s holding or the Eighth Circuit reconsiders it, this Court will dutifully apply *Seay* to facial challenges to 18 U.S.C. § 922(g)(3)" and that because *Seay* controlled, the defendant's "facial challenge under the Second Amendment fails." *Walker*, 2023 WL 3932224, at *5.

In his Objections to Judge Bazis's Findings and Recommendation, Loftin argues that Judge Bazis's "conclusion that *Seay* has not been overruled by *Bruen* . . . is ultimately attributable to this court's erroneous decision in *Walker*[.]" Filing 61 at 3. What Loftin fails to note, however, is that Judge Bazis relied on more than just the undersigned's Order in *Walker*. Judge Bazis also relied on other decisions from district courts within the Eighth Circuit that reached the same conclusion as the undersigned did in *Walker*. *See* Filing 60 at 3 (Judge Bazis citing *United States v. Le*, No. 423CR00014SHLHCA, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) for the proposition that the "proper course is to treat *Seay* as binding and leave to the Eighth Circuit the prerogative of overruling its own decisions"); Filing 60 at 3 (Judge Bazis citing *United States v. Thibodeaux*, No. 1:22 CR 32 SNLJ (ACL), 2023 WL 5917711, at *4 (E.D. Mo. Aug. 25, 2023) for the proposition that "[a]bsent the Eighth Circuit itself finding that *Bruen* overturned its holding in *Seay*, this Court must treat *Seay* as binding precedent"). Indeed, since the undersigned issued the Order in *Walker* this past June, several district courts—both in and out of the Eighth Circuit—have cited it with approval.[3]

This Court recognizes that the Eighth Circuit or the Supreme Court may ultimately see fit to reverse course, expressly overturn *Seay*, and find that § 922(g)(3) fails to pass muster under the Second Amendment. If they do so that is their prerogative—not this Court's. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which

---

[3] *See e.g.*, *United States v. Grubb*, No. 23-CR-1014-CJW-MAR, 2023 WL 6960371, at *5 (N.D. Iowa Oct. 20, 2023) ("This Court is not alone in reaching the conclusion that Section 922(g)(3) does not violate the Second Amendment. Numerous other district courts have reaffirmed the conclusion that Section 922(g)(3) is constitutional after *Bruen*." (citing cases including *Walker*)); *United States v. Lewis*, No. CR 22-0222-WS, 2023 WL 4604563, at *13 (S.D. Ala. July 18, 2023) (noting that "[a] number of sister courts have upheld the constitutionality of Section 922(g)(3) post-*Bruen*" and then reaching the same conclusion" (citing cases including *Walker*)); *United States v. Espinoza-Melgar*, No. 2:21-CR-204-DAK, 2023 WL 5279654, at *9 (D. Utah Aug. 16, 2023) (citing *Walker* as one of the 26 out of the 28 district court cases that had thus far concluded § 922(g)(3) remains constitutional after *Bruen* and joining with this "overwhelming majority of courts" in their conclusion).

directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions" (internal quotation marks and citations omitted)). A district court located within the Eighth Circuit is "bound . . . to apply the precedent of this Circuit." *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Indeed, it is "fundamental error" to do otherwise. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). Therefore, unless and until *Seay* is expressly overruled, this Court will faithfully apply it. *See Grubb*, 2023 WL 5352000, at *4 ("Absent the Eighth Circuit itself finding that *Bruen* overturned its holding in *Seay*, this Court must treat *Seay* as binding precedent"); *Gilpin v. United States*, No. 20-04050-01-CR-C-RK, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) ("because *Bruen* did not invalidate or supersede *Seay*, consistent with Eighth Circuit precedent, the Court concludes that § 922(g)(3) is constitutional"). Loftin's argument attacking the constitutionality of § 922(g)(3) on its face runs afoul of *Seay* and compels the Court to overrule his objections to Judge Bazis's Findings and Recommendation.

### III.   CONCLUSION

For the foregoing reasons, and upon *de novo* review, the Court agrees with Judge Bazis's findings and conclusions regarding Loftin's facial challenge to 18 U.S.C. § 922(g)(3). Thus,

IT IS ORDERED:

1. Loftin's Objections to the Findings and Recommendation, Filing 61, are overruled;
2. Judge Bazis's Findings and Recommendation, Filing 60, is adopted; and
3. Loftin's Motion to Dismiss Indictment, Filing 28, is denied.

7

Dated this 12th day of December, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge