IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  vs.<br><br>CHAREES LOFTIN,<br><br>              Defendant. | 8:23–CR–17<br><br>ORDER REGARDING<br>MAGISTRATE JUDGE'S<br>FINDINGS AND RECOMMENDATION |

      This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 70, recommending that the Court accept the Defendant's plea of guilty. There are no objections to the Findings and Recommendation. Nonetheless, the Court declines to adopt the Findings and Recommendation at this time for the following reasons.

      The Indictment in this case charges the Defendant with one count of violating 18 U.S.C. §§ 922(g)(3) and 924(a)(8) because he knew that he "was an unlawful user of and addicted to one ore more controlled substances, as defined by Title 21, United States Code, Section 802," and he "did knowingly possess in and affecting interstate and foreign commerce, a firearm[.]" Filing 18 at 1. The Indictment also specifically alleges three controlled substances: (1) marijuana, (2) oxycodone, and (3) cocaine. Filing 18 at 1. Prior to his Change of Plea Hearing, the Defendant filed a Motion to Dismiss this one-count Indictment by raising a constitutional challenge to 18 U.S.C. § 922(g)(3). Filing 28. The Government's brief in opposition to this Motion separately addressed the historical uses for oxycodone, cocaine, and marijuana. *See* Filing 38 at 13–14. After considering the matter, United States Magistrate Judge Susan M. Bazis submitted a Findings and Recommendation in which she recommended that the undersigned deny Loftin's Motion to Dismiss. Filing 60. The undersigned later issued a Memorandum and Order adopting Judge Bazis's Findings and Recommendation. Filing 63. Specifically, the Court concluded that prevailing Eighth Circuit precedent foreclosed Loftin's constitutional challenge to § 922(g)(3). Filing 63 at 1.

1

After the Court issued its Order denying Loftin's Motion to Dismiss, Loftin and the Government entered into a conditional plea agreement whereby Loftin agreed "to plead guilty to Count I of the Indictment" which "charges a violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8). Filing 74 at 1. Consistent with Federal Rule of Criminal Procedure 11(a)(2), however, Loftin "reserve[d] the right to appeal the November 13, 2023, Findings and Recommendations made to the United States District Court that the defendant's Motion to Dismiss be denied and the December 12, 2023, Order denying the defendant's Motion to Dismiss (Filing No. 60 and 63)." Filing 74 at 1. The factual basis set forth in the plea agreement references THC and marijuana but does not mention oxycodone or cocaine. Filing 74 at 3. Loftin's Petition to Enter a Plea of Guilty likewise makes no reference to oxycodone or cocaine. Filing 73. Indeed, in the portion of the Petition which asks the defendant to explain what causes him to think he is guilty of the charge to which he is pleading guilty, Loftin said: "I knew that I was a user of marijuana and I possessed a firearm in Nebraska." Filing 73 at 7. During the Change of Plea Hearing, there was no mention of oxycodone or cocaine. Filing 75. However, Loftin's marijuana use was discussed repeatedly. Filing 75 at 24–25.

If Count I of the Indictment only referenced marijuana, the Court would have no reservation accepting Defendant's guilty plea at this time. However, Count I also references oxycodone and cocaine. The Court recognizes that Loftin can providently plead guilty to Count I based upon the marijuana allegation alone. At the same time, the Court is also cognizant of the fact that Loftin's plea of guilty is made pursuant to a conditional guilty plea which permits him to challenge the constitutionality of the statute upon which Count I is based. Because the plea agreement says that the Defendant agrees to plead guilty to Count I, but contains no reference the other controlled substances that were alleged in Count I (apart from marijuana), the Court

concludes that the most appropriate course of action is to defer acceptance of Loftin's guilty plea until this matter can be clarified on the record. If for no other reason, clarifying this matter on the record will better inform appellate review. This matter will provisionally proceed to sentencing and the parties can address this issue at that time. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 70, is held in abeyance;

2. This matter will be addressed at the sentencing hearing presently set for April 10, 2024; and

3. This case shall provisionally proceed to sentencing.

Dated this 29th of February, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge